UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.:

Udo Gunther Mangelsdorf, on behalf
of himself and all others similarly situated,

           Plaintiffs,

vs.

US Bancorp d/b/a US Bank Card Services,

           Defendant.

**CLASS ACTION COMPLAINT
WITH
JURY TRIAL DEMAND**

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages based upon Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter "FCRA"), and for supplemental state law claims. Plaintiff seeks actual damages, statutory damages, punitive damages, declaratory and injunctive relief, costs, and attorney fees.

## JURISDICTION AND VENUE

2. Jurisdiction of this court is conferred by 15 U.S.C. § l681p (FCRA), 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1337 (Commerce), and 28 U.S.C. § 1367 (Supplemental).

3. Venue is appropriate under 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff Udo Gunther Mangelsdorf is a natural person and is a resident of the State of Minnesota and of the United States.

5. Plaintiff is a "consumer" as defined by § 1681a(c) of the FCRA.

6. Defendant US Bancorp d/b/a US Bank Credit Card Services LLC ("US Bank") is

incorporated under Federal law, with its home office located in 800 Nicollet Mall, Minneapolis, MN 55402 and doing business throughout the United States.

7. Defendant offers credit card loans to consumers on behalf of various merchants.

8. Defendant offers or offered revolving credit through credit cards to consumers throughout the United States, including consumers residing in Minnesota.

9. Defendant, in the course of its business, has and does engage in credit reporting and obtaining or using credit reports of consumers, for itself, for its subsidiaries, and affiliates.

10. Defendant is responsible for its subsidiaries' and affiliates' violations of the Fair Credit Reporting Act.

11. Defendant is vicariously liable for the acts of its corporate affiliates for unlawfully accessing Plaintiff's credit reports, and is further liable under theories of agency and corporate control.

12. Defendant, its subsidiaries, and affiliates are users of consumer reports.

## FACTUAL ALLEGATLONS

13. Plaintiff Mangelsdorf filed Chapter 7 Bankruptcy on July 15, 2004. His bankruptcy was discharged on October 17, 2004.

14. Included in his bankruptcy was a debt to US Bank account # xxxx xxxx xxxx 4730.[1]

15. Plaintiff Mangelsdorf received a copy of his credit report dated March 14, 2005 from CSC Credit Services Inc.

16. This document reflects that Defendant illegally obtained and used Mr. Mangelsdorf's

---

[1] Plaintiff has two (2) US Bank revolving accounts listed. In order to comply with the Court's electronic filing rules, only the last four (4) digits of the account at issue will be used to identify this account. The other US Bank account was "closed at consumers request" in 4/2004.

credit report three (3) times between November 10, 2004 and March 10, 2005 without a permissible purpose in violation of 15 U.S.C. §1681b(f).

17. The referenced inquiries have become a permanent component of Plaintiff's credit report.

18. Upon information and belief, Defendant agreed and represented in its agreements with the various named credit reporting agencies that Defendant would obtain and use consumer reports which were obtained from said agencies only for purposes, which are lawful under the FCRA as defined in 15 U.S.C. § 1681b.

19. Defendant was required by 15 U.S.C. §§ 1681b, 1681n, and 1681q to refrain from obtaining consumer reports from credit reporting agencies under false pretenses.

20. At the time each of Plaintiff's credit reports was obtained and used, Plaintiff did not have a relationship with Defendant of the kind specified under 15 U.S.C.§168lb(a)(3)(A) - (F).

21. Plaintiff has never knowingly given written instructions to Defendant to obtain and/or release to a third party a consumer report of which Plaintiff was the subject; nor has Defendant ever been ordered by a court of competent jurisdiction to issue a consumer report pursuant to 15 U.S.C. § 1681b(1).

22. Defendant has an affirmative duty to follow reasonable procedures, including those that would prevent the impermissible accessing of consumer reports.

23. Reasonable procedures for users include restricting the ability of Defendant's agents, contractors, and employees to obtain consumer reports on consumers for any impermissible purpose.

24. As a result of Defendant's actions, Plaintiff has suffered damages in the form of an invasion of Plaintiff's right to privacy.

## CLASS ALLEGATIONS

25. This action is brought on behalf of a class consisting of (i) all persons; (ii) whose consumer credit reports were accessed by Defendant; (iii) at a time where Defendant did not have a relationship with said person of the kind specified in 15 U.S.C. § 1681b(a)(3)(A)-(F); and (iv) during the two year period prior to the filing of the complaint in this action.

26. The class is so numerous that joinder of all members is impractical. Upon information and belief Defendant has unlawfully accessed the credit reports of hundreds of consumers in the United States.

27. There are questions of law and fact, common to the class, which predominate over any questions affecting only individual class members. The principle question is whether Defendant's conduct in connection with unlawfully obtaining and using consumers' credit reports violates the FCRA.

28. There are no individual questions, other than the identification of class members, which can be determined by ministerial inspection of Defendant's records.

29. The Plaintiff will fairly and adequately protect the interest of the class. He is committed to vigorously litigating this matter. He has retained counsel experienced in handling similar class actions and consumer claims. Neither the Plaintiff nor his counsel has any interests, which might cause them not to vigorously pursue this claim.

30. Plaintiff's claims are typical of the claims of the class, which all arise from the same operative facts and based on the same legal theories.

31. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

32. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendant has acted on grounds generally applicable to the class thereby making appropriate injunctive and declaratory relief with respect to the class as a whole.

## CLAIM FOR RELIEF

### COUNT I.
### VIOLATION OF THE FAIR CREDIT REPORTING ACT

33. Plaintiff repeats, re-alleges, and incorporates by reference all preceding paragraphs above.

34. Defendant willfully, recklessly and/or negligently violated provisions of the Fair Credit Reporting Act.

35. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated 15 U.S.C. § 168lb by willfully and/or recklessly accessing Plaintiff's credit files without a permissible purpose or authorization under the FCRA;

    b. Defendant violated 15 U.S.C. § l681n by negligently accessing Plaintiff's credit files without a permissible purpose or authorization under the FCRA; and

    c. Defendant violated 15 U.S.C. § 1681o by willfully and/or recklessly accessing Plaintiff's credit file without a permissible purpose or authorization..

36. As a result of the above violations of the FCRA, the Defendant is liable to the Plaintiff in the sum of Plaintiff's actual damages, statutory damages, punitive damages, costs, disbursements, and reasonable attorney's fees.

## TRIAL BY JURY

37. Plaintiff is entitled to and hereby request a trial by jury. US Const. Amend. 7. Fed. R. Civ. P. 38.

**REQUEST FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully request that Judgment be entered against Defendant in the amount of:

a) actual damages pursuant to 15 U.S.C. § 1681 et seq. ;

b) $1,000.00 statutory damages per violation, pursuant to 15 U.S.C. § 1681n;

c) punitive damages pursuant to 15 U.S.C. § 1681n;

d) a declaration that Defendant has violated the FCRA pursuant to 15 U.S.C. § 1681 et seq.; and,

e) such other and further relief as the court deems just and equitable.

Dated: __7/31_____2005.        By:____s/ Thomas J. Lyons Jr._____

**CONSUMER JUSTICE CENTER, P.A.**
Thomas J. Lyons, Jr.  #:  0249646
John H. Goolsby, # 0320201
342 East County Road D
Little Canada, MN 55117
Telephone:  (651) 770-9707

**LYONS LAW FIRM, P.A.**
Thomas J. Lyons, Sr. #:  65699
342 East County Road D
Little Canada, MN 55117
Telephone:  (651) 770-9707

Attorneys for Plaintiff

**VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

STATE OF MINNESOTA    )
                     ) ss
COUNTY OF WASHINGTON  )

I, Udo Gunter Mangelsdorf, having first been duly sworn and upon oath, deposes and says as follows:

1. That I am the Plaintiff in this civil proceeding.
2. That I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. That I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. That I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. That I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

                                              s/ Udo Gunter Mangelsdorf

Subscribed and sworn to before me

this 27th day of July 2005.


____s/ Sue Wolsfeld
Notary Public